[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12445
Non-Argument Calendar

_____

D. C. Docket No. 06-20675-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD BUTLER,
CORNELIOUS GORDON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 21, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury returned a multiple-count indictment against appellants Gerald Butler and Cornelious Gordon, together with Mario Davis and Edrick Thomas, charging them as follows: Count I, a conspiracy, under 21 U.S.C. § 846, to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1); Count 2, an attempt to possess with intent to distribute said amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); Counts 3 and 4, respectively, a conspiracy and an attempt to commit a Hobbs Act robbery, each in violation of 18 U.S.C. § 1951(a); Count 5, a conspiracy to possess a firearm in furtherance of a crime of violence and drug trafficking, in violation of 18 U.S.C. § 924(o); Count 6, carrying a firearm in relation to a crime of violence and drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Count 7 charged Butler alone with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Davis pled guilty prior to trial and testified for the Government. At trial, Butler and Gordon were convicted on Counts 1, 5 and 6, and Butler was convicted on Count 7. Thomas was acquitted on all counts; Butler and Gordon were acquitted on Counts 2, 3 and 4. Following the imposition of sentence, Butler and Gordon filed notices of appeal, challenging their convictions.

**I.**

2

Butler seeks the vacation of his convictions, and the entry of a judgment of acquittal on all counts, on two grounds.  We consider them in order.

A.

Butler moved the district court for judgment of acquittal at the close of the Government's case in chief and at the close of all evidence based on "entrapment as a matter of law," contending that the Government failed to make a prima facie showing that he was predisposed to commit the crimes charged before he was approached by a government informant.

We review de novo a claim that the government failed to show predisposition and thus rebut the defendant's entrapment defense.  United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir.), cert. denied, 128 S.Ct. 673 (2007).  In examining the sufficiency of the evidence, we "view[] the evidence in the light most favorable to the government and draw[] all reasonable inferences and credibility choices in favor of the jury's verdict."  United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001).  "To uphold the lower court's denial of . . . judgment of acquittal and the jury's guilty verdict, this court need only find that a reasonable factfinder could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt."  United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990).

3

"Entrapment is an affirmative defense.  There are two elements to an entrapment claim:  (1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement.  The defendant bears the initial burden of production as to government inducement. . . .Once the defendant produces sufficient evidence of inducement, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the offense."  Orisnord, 483 F.3d at 1178 (quotations, citations, and editing marks omitted).  Here, the district court found that Butler had met his burden of production and accordingly submitted the question of predisposition to the jury.

"Predisposition may be demonstrated simply by a defendant's ready commission of the charged crime."  United States v. Brown, 43 F.3d 618, 625 (11th Cir. 1995).  "A defendant whose motion for acquittal at the close of the Government's case is denied must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty."  United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995).

Butler testified that he had never before been involved, or even considered involvement, in a robbery scheme such as the one planned in this case, and that he participated in the scheme only because of the government's inducement.  The jury

4

was entitled to assess Butler's testimony and demeanor, conclude that he was not credible, and reject his statements "as a complete fabrication." See United States v. Vazquez, 53 F.3d 1216, 1225 (11th Cir. 1995). Indeed, a jury may not only discount a non-credible witness's testimony, but may "conclude the opposite of his testimony is true." Id. at 1225-26 (quotation omitted). This rule applies with particular force where the fact in question is "highly subjective," such as "intent or knowledge." Id. at 1225 (quotation omitted). Here, the jury had sufficient evidence before it to conclude beyond a reasonable doubt that Butler was predisposed to commit the crimes at issue.

## B.

Butler argues that the district court erred in denying his motion for a judgment of acquittal because the prosecution denied him due process of law. Butler says this is so because the government agents created the entire criminal plan, provided crucial instrumentalities necessary to execute it, and knew that he was not predisposed to commit the criminal acts.

The proper vehicle for raising outrageous governmental conduct is in a motion to dismiss the indictment. United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir. 1998). Because Butler did not file a motion to dismiss the indictment in the district court, he cannot raise this argument on appeal. See id. We therefore do

not entertain it.

## II.

Butler and Gordon argue that their convictions should be set aside and a new trial granted on several grounds. They are:

## A.

During the presentation of their respective cases on defense, the district court abused its discretion by questioning them in the presence of the jury. They contend that the court's questions interrupted the flow of direct examination and cast a critical light on their testimony. Gordon notes that the court's questioning of his explanation, without allowing direct examination to continue first, emphasized the court's difficulty with his testimony and the lack of coherency and rationality in what he had to say. Appellants contend that the prejudice worked by the court's questioning was heightened when the Government emphasized during its closing arguments to the jury the very issues the court's questioning raised.

Ordinarily, we would examine the court's questioning for abuse of discretion. See United States v. Day, 405 F.3d 1293, 1297 (11th Cir. 2005). Where, as in this case, no objection was made to the questioning, we examine the court's conduct for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005). Where (1) there is error; (2) that error is plain; and (3) the

6

error affects substantial rights, then we may notice that error if it (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

"A district court judge has wide discretion in managing the proceedings, he may comment on the evidence, question witnesses, elicit facts not yet adduced or clarify those previously presented, and maintain the pace of a trial by interrupting or cutting off counsel as a matter of discretion."  Day, 405 F.3d at 1297 (quotation omitted).  "The trial court may interrogate a witness to clarify his testimony or to insure that a case is fairly tried.  On the other hand, a trial judge improperly interjects himself into the trial by questioning witnesses when the attorneys are competently conducting their cases."  United States v. Block, 755 F.2d 770, 775 (11th Cir. 1985).

We find no abuse of discretion, much less plain error, here.  The court asked questions of appellants, other defense witnesses, and witnesses for the prosecution to elicit further facts and to clarify evidence already presented.  It did not do so in a hostile manner; moreover, it instructed the jurors to disregard any statements it might have made and to find the facts on their own.

B.

Appellants contend that the court erred in instructing the jury regarding their entrapment defenses.  They say that these instructions improperly altered the

7

shifting burdens of production and proof, and narrowed the sort of governmental inducement the jury could consider.

Generally, we review <u>de novo</u> whether a district court's jury instructions misstated the law. <u>United States v. Grigsby</u>, 111 F.3d 806, 814 (11th Cir. 1997). "We review jury instructions by determining whether the charge, viewed as a whole, sufficiently instructed the jurors so that they understood the issues involved and were not misled about the law. The trial court, therefore, has broad discretion in formulating its entrapment charge, so long as it accurately reflects the law, and the precise extent and character of an entrapment instruction will only be reviewed for an abuse of discretion." <u>Brown</u>, 43 F.3d at 623.

Appellants argue that the court improperly limited the types of governmental inducement the jury could consider. The argument overlooks the fact that the issue of inducement was not before the jury. Before it could send the issue of entrapment to the jury, the court had to that the appellants had already shown governmental inducement; consequently, the question for the jury was simply whether the prosecution has met its burden of proof with respect to their predisposition to commit the crime. <u>See</u> <u>Orisnord</u>, 483 F.3d at 1178 ("Once the defendant produces sufficient evidence of inducement, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the

8

offense.).  Appellants claim that the court's jury charge improperly shifted the burden of proof was not presented to the district court; hence, we review the challenged instruction for plain error.  We find none here.  The language the court used was largely language we have previously approved, see United States v. Davis, 799 F.2d 1490 (11th Cir. 1986), and its charge appropriately dealt with the shifting burdens of production and proof.

## C.

Appellants contend that the district court abused its discretion in failing to grant them a mistrial or other relief when it was discovered, during jury deliberations, that the Government had withheld information that could have been used to impeach testimony given by Mario Davis.  They note that, in refusing to abort the jury's deliberations, the court used the standard that guides a trial judge in disposing of a motion for new trial.

We review for an abuse of discretion a district court's denial of a motion for a mistrial.  United States v. Trujillo, 146 F.3d 838, 845 (11th Cir. 1998).  Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny, the government is required to turn over to a criminal defendant any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony may be determinative of guilt or innocence, including evidence

of the witness's cooperation with the government.  United States v. Jordan, 316

F.3d 1215, 1226 n.16, 1253 (11th Cir. 2003).

A successful Brady "claim requires three elements: (1) the prosecution

suppressed evidence, (2) the evidence suppressed was favorable to the defense or

exculpatory, and (3) the evidence suppressed was material.  Favorable evidence is

material, and constitutional error results from its suppression by the government,

if there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different."  United States v.

Starrett, 55 F.3d 1525, 1555 (11th Cir. 1995) (citations and quotations omitted).

We will set aside a conviction for Brady error where the defendant shows: "(1)

that the Government possessed evidence favorable to the defendant (including

impeachment evidence); (2) that the defendant did not possess the evidence nor

could he have obtained it himself with any reasonable diligence; (3) that the

prosecution suppressed the favorable evidence; and (4) that had the evidence been

revealed to the defense, there is a reasonable probability that the outcome of the

proceedings would have been different."  United States v. Newton, 44 F.3d 913,

918 (11th Cir. 1995).  The materiality of the withheld information is the only

element disputed here.

Although the district court applied an improper standard in denying

appellants' motion for a mistrial, we find no <u>Brady</u> violation; thus, the court reached the correct result. A violation did not occur because there was no reasonable probability that, had defense counsel had possession of the impeachment evidence, the outcome of the trial would have been different. <u>See</u> <u>Starrett</u>, 55 F.3d at 1555; <u>Newton</u>, 44 F.3d at 918.

D.

Gordon argues that the cumulative effect of the trial errors warrants a new trial. "[T]he 'cumulative effect' of multiple errors may so prejudice a defendant's right to a fair trial that a new trial is required, even if the errors considered individually are non-reversible." <u>United States v. Thomas</u>, 62 F.3d 1332, 1343 (11th Cir. 1995). We address a claim of cumulative error by first considering the validity of each claim individually, and then examining any errors in the aggregate and the trial as a whole to determine whether the defendant was afforded a fundamentally fair trial. <u>United States v. Calderon</u>, 127 F.3d 1314, 1333 (11th Cir. 1997). Obviously, where no error occurred, cumulative error cannot be found. <u>United States v. Waldon</u>, 363 F.3d 1103, 1110 (11th Cir. 2004). That is the situation here; no error of consequence occurred.

For the foregoing reasons, appellants' convictions are

**AFFIRMED.**